O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOON J. ISHIKAWA, GLENN SONG, <br><br> Plaintiffs, <br><br> v. <br><br> QUALITY LOAN SERVICE, corporation; COUNTRYWIDE HOME LOANS, INC.; JPMORGAN CHASE BANK, N.A.; ANDY KIM; DAVID COOKS; DEBORA K. COOKS, <br><br> Defendants. | Case No. CV 09-03411 DDP (RCx) <br><br> **Order Granting Defendant JP Morgan Chase's Motion to Dismiss** <br><br> [Motion filed on December 4, 2009] |

Presently before the Court is Defendant JPMorgan Chase Bank, N.A. ("Chase")'s Motion to Dismiss Plaintiffs Glenn Song and Soon J. Ishikawa's First Amended Complaint ("FAC").

Chase contends that Plaintiffs failed to file a timely opposition to the Motion to Dismiss, and that their failure to do so should be deemed consent to dismissal.

Central District Local Rule 7-9 requires an opposing party to file an opposition or a statement of non-opposition to any motion at least fourteen (14) days prior to the date designated for

1 hearing the motion.  C.D. C<small>AL</small>. L.R. 7-9.  Additionally, Local Rule
2 7-12 provides that "[t]he failure to file any required paper, or
3 the failure to file it within the deadline, may be deemed consent
4 to the granting or denial of the motion."  C.D. C<small>AL</small>. L.R. 7-12.
5    The hearing on Chase's Motion to Dismiss was scheduled for
6 January 11, 2010.  Plaintiff's opposition or statement of non-
7 opposition was therefore due by December 28, 2009.  Plaintiffs did
8 not file an opposition until December 31, 2009.  Even so,
9 Plaintiffs are litigating this case in pro per, and their
10 opposition was not so late as to preclude Chase from filing a
11 responsive reply brief.  Accordingly, the Court will exercise its
12 discretion to consider the arguments raised in Plaintiffs'
13 opposition.
14    As a preliminary matter, the Court notes that Plaintiffs'
15 opposition states that Soon J. Ishikawa – one of the two named
16 plaintiffs in this case – has voluntarily withdrawn all of her
17 claims.  Although the docket does not reflect the filing of a
18 voluntary dismissal, the Court accepts the representation in
19 Plaintiffs' opposition as true, and dismisses Ishikawa from the
20 case.
21    Next, the Court notes that Plaintiffs' opposition makes no
22 attempt to defend any of the federal law violations alleged in the
23 FAC.  The opposition addresses only the state law wrongful
24 foreclosure claim.  Song contends, in general, that Chase
25 foreclosed on his property <u>after</u> he filed for bankruptcy, and in so
26 doing, violated an automatic stay order.
27    The Court deems Song's failure to address any of the federal
28 claims set forth in the FAC consent to their dismissal.  Because no

claims arising under federal law remain for decision in this case, the Court declines to exercise supplemental jurisdiction over Song's state law wrongful foreclosure claim, <u>see</u> 28 U.S.C. 1367(c), and remands this case to Los Angeles County Superior Court.

IT IS SO ORDERED.

Dated: January 26, 2010

DEAN D. PREGERSON
United States District Judge

3